## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. __19-23944-CMB__ |
| Eileen Marie Stamps | : | Chapter __13__ |
| | : | |
| **Eileen Marie Stamps,** | : | |
| Movant(s), | : | |
| | : | |
| - vs. - | : | |
| | : | |
| _____ | : | |
| Ronda J. Winnecour, Trustee, | : | |
| Respondents. | : | |
| | X | |

### NOTICE OF PROPOSED MODIFICATION TO
### CONFIRMED PLAN DATED February 18, 2021

1. Pursuant to 11 U.S.C. § 1329 **(a)**, the Debtor has filed an Amended Chapter 13 Plan dated October 22, 2021, which is annexed hereto at Exhibit "A" (the "Amended Chapter 13 Plan"). Pursuant to the Amended Chapter 13 Plan, the Debtor seeks to modify the confirmed Plan in the following particulars:

Increase Plan term by 18 months, to 78 months total.

Include an additional $500 in attorneys fees

Adjust payment to Lakeview to conform with Notice of Mortgage Payment Change

Reduce overall payment to $1,630 per month.

2. The proposed modification to the confirmed Plan will impact the treatment of the claims of the following creditors, and in the following particulars:**Increase payment to Lakeview in conformity to Notice of Mortgage Payment Change, as well as increase the length of the Plan pursuant to the CARES act, as amended. The Debtor's original Plan was filed 10/22/2019, and confirmed on a final basis August 6, 2020. The First Amended Plan dated February 18, 2021 was confirmed on April 16, 2021.**

**The debtor has been substantially financially impacted by the coronavirus pandemic, and continues to be impacted, in the following ways: At the time of the original March 2020 lockdown, the Debtor was unable to work and had to take care of her grandson, leaving her with only Social Security to live on and causing her to miss multiple payments. While the Debtor was able to obtain Pandemic Unemployment Assistance, but that ended without the Debtor being allowed to return to full time work. At present, the debtor is still on an on-call basis for her work, but has not been called and thus has not earned any additional, non-social security income due to COVID outbreaks in every school in her school district. The Debtor will be filing amended Schedules I and J in the near future.**

3. Debtor submits that the reason(s) for the modification is (are) as follows:**Debtor must address a Notice of Mortgage Payment Change, as well as increase time due to pay under the Plan now that the amendment of the Bankruptcy CARES act provisions have rendered her eligible for such relief.**

4. The Debtor submits that the requested modification is being proposed in good faith, and not for any means prohibited by applicable law. The Debtor further submits that the proposed modification complies with **11 USC Sec. 1322 and 1325**and, except as set forth above, there are no other modifications sought by way of the Amended Chapter __ Plan.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order confirming the Amended Chapter 13 Plan, and for such other relief the Court deems equitable and just.

RESPECTFULLY SUBMITTED, this 22nd day of October, 2021.

| | |
|---|---|
| | /s/ Justin P. Schantz |
| Name: | **Justin P. Schantz 210198** |
| Attorney I.D.: | **Justin P. Schantz 210198** |
| Address: | **David A. Colecchia and Associates** <br> **324 South Maple Ave.** <br> **Greensburg, PA 15601-3219** |
| Phone # : | **(724) 837-2320** |
| Facsimile#: | **(724) 837-0602** |
| E-Mail: | **jschantz@my-lawyers.us** |

Attorney for the Debtor

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Eileen Marie Stamps** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF PENNSYLVANIA** | |
| Case number: | **19-23944-CMB** | |
| (If known) | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
2.1, 5.3

Western District of Pennsylvania

# Chapter 13 Plan Dated: October 22, 2021

## Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.**

In the following notice to creditors, you must check each box that applies

**To Creditors:** *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1**    Debtor(s) will make regular payments to the trustee:

Total amount of **$1630.00** per month for a remaining plan term of **60 months - 78 months total** shall be paid to the trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ | $ | $ 1,630 |
| D#2 | $ | $ | $ |
| | (Income attachments must be used by Debtors having attachable income) | | (SSA direct deposit recipients only) |

**2.2 Additional payments.**

| Debtor | **Eileen Marie Stamps** | Case number | **19-23944-CMB** |
|---|---|---|---|

☐ **Unpaid Filing Fees.** The balance of $____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy court form the first available funds.

Check one.

☑ **None.** If "None" is checked, the rest of § 2.2 need not be completed or reproduced.

**2.3** The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.

### Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Start date (MM/YYYY) |
|---|---|---|---|---|
| **Loan Care Servicing** | **2640 Russell Drive New Kensington, PA 15068 Westmoreland County Value based on Debtor's estimate** | **$593.62** | **$5,309.90** | 12/2020 |

Insert additional claims as needed.

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.2 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The debtor(s) will request, *by filing a separate adversary proceeding,* that the court determine the value of the secured claims listed below.

For each secured claim listed below, the debtor(s) state that the value of the secured claims should be as set out in the column headed *Amount of secured claim*. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 (provided that an appropriate order of court is obtained through an adversary proceeding).

| Name of creditor | Estimated amount of creditor's total claim (see Para. 8.7 below) | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Debtor | **Eileen Marie Stamps** | | | Case number | **19-23944-CMB** |

| Name of creditor | Estimated amount of creditor's total claim (see Para. 8.7 below) | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|---|---|---|
| **Linear Mortgage, LLC** | **$5,770.51** | **2640 Russell Drive New Kensington, PA 15068 Westmoreland County Value based on Debtor's estimate** | **$120,000.00** | **$58,054.75** | **$5,770.51** | **6.75%** | **$118.20** |
| **Santander Consumer USA** | **19,611.00** | **2014 Hyundai Santa Fe 60000 miles NADA Guides used - clean retail value** | **$14,725.00** | **$0.00** | **$14,725.00** | **6.25%** | **$286.39** |

Insert additional claims as needed.

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

Check one.

[✓] **None**. If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.

**3.4** **Lien avoidance**.

Check one.

[✓] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.* **The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked**

**3.5** **Surrender of collateral.**

Check one.

[✓] **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**3.6** **Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest Rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

Insert additional claims as needed.

* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

**Part 4:** **Treatment of Fees and Priority Claims**

**4.1** **General**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

| Debtor | **Eileen Marie Stamps** | Case number | **19-23944-CMB** |
|---|---|---|---|

**4.2   Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rate on the court's website. It is incumbent upon the debtor(s)' attorney or debtor (if pro se) to monitor any change in the percentage fees to insure that the plan is adequately funded.

**4.3   Attorney's fees.**

Attorney's fees are payable to **Justin P. Schantz 210198**. In addition to a retainer of $**500.00** (of which $__**0.00**__ was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $**4,500.00** is to be paid at the rate of $**500.00** per month. Including any retainer paid, a total of $__**4,500.00**__ in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $__**500.00**__ will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

**4.4   Priority claims not treated elsewhere in Part 4.**

☑ **None**. If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.

Insert additional claims as needed

**4.5   Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

☐ Check here if this payment is for prepetition arrearages only.

| **Name of Creditor** (specify the actual payee, e.g. PA SCDU) | **Description** | **Claim** | **Monthly payment or pro rata** |
|---|---|---|---|
| **None** | | | |

Insert additional claims as needed.

**4.6   Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**
Check one.
☑ **None.** If "None" is checked, the rest of § 4.6 need not be completed or reproduced.

**4.7   Priority unsecured tax claims paid in full.**

| **Name of taxing authority** | **Total amount of claim** | **Type of Tax** | **Interest rate (0% If blank)** | **Tax Periods** |
|---|---|---|---|---|
| -NONE- | | | | |

Insert additional claims as needed.

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1   Nonpriority unsecured claims not separately classified.**

Debtor(s) ESTIMATE(S) that a total of $**23,288.21** will be available for distribution to nonpriority unsecured creditors.

| Debtor | **Eileen Marie Stamps** | Case number | **19-23944-CMB** |
|---|---|---|---|

Debtor(s) ACKNOWLEDGE(S) that a MINIMUM of $**23,288.21** shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is *NOT* the *MAXIMUM* amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **100.00**%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☑   **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3    Postpetition utility monthly payments.**

**The provisions of Section 5.3 are available only if the utility provider has agreed to this treatment.** These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility obtain an order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. The utility may require additional funds from the debtor(s) after discharge.

| **Name of Creditor** | **Monthly payment** | **Postpetition account number** |
|---|---|---|
| -NONE- | | |

Insert additional claims as needed.

**5.4    Other separately classified nonpriority unsecured claims.**

Check one**.**

☑   **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**Part 6:   Executory Contracts and Unexpired Leases**

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☑   **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Part 7:   Vesting of Property of the Estate**

**7.1    Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.**

**Part 8:   General Principles Applicable to All Chapter 13 Plans**

**8.1**   This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan in order to ensure that the plan remains adequately funded during its entire term.

**8.2**   Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

| Debtor | **Eileen Marie Stamps** | Case number | **19-23944-CMB** |
|---|---|---|---|

**8.3**   The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

**8.4**   Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5**   Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

| | |
|---|---|
| Level One: | Unpaid filing fees. |
| Level Two: | Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments. |
| Level Three: | Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims. |
| Level Four: | Priority Domestic Support Obligations. |
| Level Five: | Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears. |
| Level Six: | All remaining secured, priority and specially classified claims, and miscellaneous secured arrears. |
| Level Seven: | Allowed nonpriority unsecured claims. |
| Level Eight: | Untimely filed nonpriority unsecured claims for which an objection has not been filed. |

**8.6**   As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if pro se) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

**8.7**   The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8**   Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9**   Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10**   The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

### Part 9:  Nonstandard Plan Provisions

**9.1**   **Check "None" or List Nonstandard Plan Provisions**
     ☑   **None.** If "None" is checked, the rest of Part 9 need not be completed or reproduced.

### Part 10:  Signatures:

**10.1**   **Signatures of Debtor(s) and Debtor(s)' Attorney**

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s)' signatures are optional. The attorney for the debtor(s), if any, must sign below.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s), order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or

| Debtor | **Eileen Marie Stamps** | Case number | **19-23944-CMB** |
|---|---|---|---|

treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or the debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as "nonstandard" terms and are approved by the court in a separate order.*

X **Eileen Marie Stamps**
Signature of Debtor 1

Executed on _____

X **/s/ Justin P. Schantz**
**Justin P. Schantz 210198**
Signature of debtor(s)' attorney

X _____
Signature of Debtor 2

Executed on _____

Date **October 22, 2021**